KINGS COUNTY. — HON. A. H. DAILEY, SURROGATE. — August, 1877.

### ORAM v. ORAM.

*In the matter of the estate of* STEPHEN ORAM, *deceased.*

Where a married woman, more than five years after the disappearance of her husband, and knowing nothing of his whereabouts, remarried, but subsequently, he obtained a decree of divorce, in an action against her in which she appeared, for her adultery with the man she so married, which decree forbade her to marry during her husband's lifetime, *Held* that such second marriage was void, and that letters of administration granted to her as the widow of the man she contracted it with should be revoked.

AN application for the revocation of letters of administration granted to Mary Oram, as the widow of Stephen Oram, was made upon the ground that she was not the widow of the deceased.

The facts are stated in the opinion.

DAVID TEESE & H. D. BIRDSALL *for the next-of-kin.*

JOHN C. McGUIRE *for the administratrix.*

THE SURROGATE. — The evidence shows that Mary

Oram, on the 18th of May, 1849, married one George Houghton, and she testified that within a year after said marriage they separated, and he disappeared. She did not know what became of him, and hearing nothing of him, after the lapse of five years, married the deceased, with whom she cohabited as his wife until his death. The Statutes of this State permit such marriage, if contracted in good faith, and it can be deemed void " only from the time its nullity shall be pronounced by a court of competent jurisdiction." (2 *R. S.*, 139, § 6).

Although *this* Court cannot grant divorces, it must of necessity, as incident to the proper discharge of its functions, in granting or revoking letters testamentary or of administration, and in the distribution of estates, pass upon the validity of marriage. The case of Spicer *v.* Spicer (16 *Abb. Pr. N. S.*, 112), tried in the City Court of Brooklyn, is cited as an authority showing such second marriage to be void, if the first husband was actually living at that time, and the case of Brower *v.* Bowers (1 *Abb. Ct. App. Dec.*, 214), holds the opposite to be the law.

It certainly must be conceded that such second marriage must be contracted in good faith, and if so contracted, the relations of the parties will not be adulterous.

The difficulty now standing in the way of the administratrix is a judgment of the Superior Court of New York City, introduced by the petitioner in evidence, in an action wherein the said George Houghton was plaintiff and Mary Houghton (Mary Oram) was defendant, in which the plaintiff obtained a decree

of absolute divorce, July 3, 1856, from her, upon the ground of her adultery with Stephen Oram, and this decree forbids her re-marriage until George Houghton is actually dead. The summons and complaint were personally served upon her, and she appeared in the action by an attorney, and if her marriage with Oram was lawful, then was the time for her to assert and establish it.

If she saw proper to waive that right, she voluntarily placed herself without the protection of the statute she now invokes. The Court declared her relations with Stephen Oram adulterous, and as a penalty forbade her to again marry during her husband's life. It may be said that her marriage with Oram was before this judgment of divorce. I must assume as against her present testimony, that she then fully understood her relations to him, and also to George Houghton, and then, if her marriage with the deceased, Stephen Oram, had been contracted in good faith, or under such circumstances as the statute protects, she would have asserted such fact then. The law concerning marriage in this State is sufficiently liberal to honestly-contracting parties, and needs no enlargement of construction in this Court.

Letters of administration were therefore revoked.